Glennon, J.
Defendant Testrite Instrument Co., Inc., has appealed from an order denying its motion under rule 113 of the Rules of Civil Practice for summary judgment dismissing the complaint as to it.
The action is one to recover overtime compensation for the period July 6, 1942, to August 2, 1946, liquidated damages and reasonable counsel fees in accordance with the provisions of the Fair Labor Standards Act of 1938 (IT. S. Code, tit. 29, § 201 et seq.). The amended answer to the complaint contains several affirmative defenses, including a defense of compromise and settlement of the claim which is the subject of this action.
*697 It is well settled that an employee may not waive the benefits conferred by the provisions of the Fair Labor Standards Act of 1938 (Brooklyn Savings Bank v. O’Neil, 324 U. S. 697). However, where an honest dispute exists as to the number of overtime hours and rate of pay, the employer and employee may enter into a valid and binding compromise or settlement agreement (Strand v. Garden Valley Telephone Company, 51 F. Supp. 898). The recently enacted Portal-to-Portal Act of 1947 (U. S. Code, tit. 29, ch. 9) permits the compromise of claims based upon the provisions of the Fair Labor Standards Act of 1938, as amended, where a bona fide dispute exists as to the amount payable by the employer, and provides that in the absence of fraud or duress, any such compromise entered into by an employee shall be a complete satisfaction of the claim and a complete bar to any cause of action based thereon. The provisions of the act are made “ applicable to any compromise or waiver heretofore so made or given ” (U. S. Code, tit. 29, § 253, subd. [d]).
In reply to the defendant’s request for admissions pursuant to section 322 of the Civil Practice Act, the plaintiff in this action admitted that prior to entering into the agreement of compromise a dispute existed between himself and his employer, the defendant Testrite Instrument Co., Inc., as to the number of hours of overtime which plaintiff claimed to have worked between July 6, 1942, and August 2, 1946, and the plaintiff’s rate of pay during that period. Plaintiff further admitted that negotiations regarding the dispute were carried on and resulted in the agreement of compromise dated September 17, 1946, which the parties agreed was a “ just, fair and equitable compromise of their differences ”. In accordance with the terms of that agreement Testrite Instrument Co., Inc., paid plaintiff $1,088.97 for overtime compensation, a like amount for liquidated damages and the sum of $100 as counsel fee to the plaintiff’s attorney.
Despite these admissions the plaintiff nevertheless maintains that no dispute ever existed and that his sole reason for entering into the compromise agreement was the oral promise of re-employment made immediately prior to the signing of the agreement. Assuming that such a promise was made, the plaintiff concedes that he was re-employed following the making of the agreement, and remained in the employ of the defendants for a period of time thereafter. Since the re-employment promised was not for any specified period of time, it was a hiring at will which could be terminated by the employer at *698 any time. The statement in plaintiff’s opposing affidavit to the effect that no dispute existed at the time the agreement was entered into is contrary not only .to the statements contained in the compromise agreement, but it is also contrary to the specific admissions made by plaintiff two months before the date of Ms affidavit. Having admitted the existence of a dispute, the settlement thereof by compromise, and the full performance by the employer of the agreement of compromise, the plaintiff is estopped from maintaining this action since the claim which is the subject of the action was validly compromised and settled.
For the reasons assigned, the order appealed from should be reversed, with $20 costs and disbursements to the appellant and its motion for summary judgment dismissing the complaint granted.
Peck, P. J., Dore, Yak Yoorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted.